**WO**                                                                                       JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Casey Daniel Eden, | No.  CV 21-00305-PHX-MTL (ESW) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| T. Chopra, et al., | |
| Defendants. | |

Plaintiff Casey Daniel Eden, who is confined in a Maricopa County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing and administrative fees.  The Court will give Plaintiff 120 days to discover the true name of Defendant Jane Doe and to file a Notice of Substitution substituting Defendant Doe's true name and will dismiss the remaining claims and Defendant Chopra without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

JDDL

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Complaint**

In his Complaint, Plaintiff sues City of Mesa Police Officers T. Chopra and Jane Doe. Plaintiff asserts claims related to his arrest. He seeks declaratory and monetary relief.

Plaintiff alleges the following:

On February 1, 2020, Defendants Chopra and Doe responded to a potential shoplifting call at a Home Depot store. Defendants arrived on scene and contacted the reporting party, Peter Buckles. Buckles lied to police, stating he had observed Plaintiff conceal a pair of work gloves in the inside breast pocket of his coat. Defendants located Plaintiff in the store and told him to put down the items he had selected for purchase and go with them. Plaintiff asked them why and what was going on, but they refused to answer

his questions.  Defendants "compelled" Plaintiff against his will to accompany them to a back room of the store.

Once in the back room, according to Plaintiff, he was "clearly under arrest" and illegally confined against his will, without probable cause.  Defendants stood in the only doorway to "block any attempt at escaping police custody."  Defendant Chopra told Plaintiff that Buckles had reported to them that he had seen Plaintiff conceal a pair of work gloves in the inside pocket of his coat.  Plaintiff immediately took off his coat, which did not have inside pockets, and handed it to the officers to search.  Plaintiff also lifted up his shirt and turned all the way around, ran his fingers all the way around the inside of his waistband, and stretched his pockets across his thighs to show there were no "significant lumps or bulges" in his pockets that could be mistaken for store merchandise.  Defendant Chopra conceded that Plaintiff had no store merchandise on his person.

Plaintiff asked whether he could go, and Defendant Chopra said, "No" and told Plaintiff to sit down.  Defendant Chopra began interrogating Plaintiff, thereby continuing Plaintiff's "unlawful confinement."  Defendant Chopra did not advise Plaintiff of his *Miranda* rights. Defendant Chopra asked Plaintiff for his name and date of birth.  "Out of spite," Plaintiff gave Defendant Chopra his brother's name, which Chopra used to run an "unlawful" warrant check.  The warrant check revealed an arrest warrant for Plaintiff's brother.  Defendant Doe formally arrested Plaintiff based upon the warrant.  Defendant Doe handcuffed Plaintiff and clamped the handcuffs on his wrists "incredibly tight[ly]," much more than necessary since Plaintiff was not resisting or being uncooperative.  As a result of the handcuffs being too tight, Plaintiff suffered a small laceration on his right wrist, tingling near the cut on his wrist and in his pinky finger, bruising that remained for two weeks, and constant muscle spasms in his forearm.

Plaintiff alleges that Defendants "seize[d]" him without viewing any camera footage, conducting any type of further investigation, obtaining any other type of corroboration, and without any evidence of wrongdoing.[1]  He claims he "never gave

---

[1] The Court notes that when Plaintiff served approximately a month in the Arizona

anyone any reason to believe" he was attempting to conceal store merchandise on his person.  As his injury, Plaintiff asserts he suffered mental anguish, the indignity of having his girlfriend see him get arrested although he had done nothing wrong, and damage to his reputation.  Plaintiff further alleges that whenever he shops now, he is constantly on edge and experiences "high anxiety," and whenever he sees a police officer, he has an anxiety attack because he thinks the officer is "coming to arrest [him]" for no reason.

### III.     *Younger Abstention*

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.").  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).  Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Plaintiff has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state courts.  *See Younger*, 401 U.S. at 45-46; *Carden*, 626

---

Department of Corrections for marijuana possession, a detainer was filed against him issued from Sedgwick County, Kansas, which apparently was unresolved when Plaintiff was released.  *See* https://corrections.az.gov/public-resources/inmate-datasearch, Search Last Name Eden, First Name Casey in Inactive Inmates (last accessed Apr. 16, 2021).

F.2d at 83-84.  Thus, the Court will abstain from interfering in Plaintiff's ongoing state-court criminal proceedings.  Plaintiff should raise his claims regarding the constitutionality of his arrest in his criminal case, not here.  *See, e.g., Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam) (abstention appropriate in § 1983 action for denial of Sixth Amendment right to counsel; plaintiff can adequately litigate his claim in ongoing state criminal proceedings and the potential for federal-state friction is obvious).  Thus, the Court will dismiss Defendant Chopra and Plaintiff's Fourth Amendment, *Miranda*, and false arrest claims.

Plaintiff should be aware that a prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IV.    Claim for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a Fourth Amendment excessive force claim against Defendant Jane Doe.  However, the Court will not require service on Defendant Doe at this time because it is, in most instances, impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name Defendant Doe, through subpoena or otherwise, and to substitute Doe's actual name by filing a "notice of substitution." *See id.* 1163.  The Court may dismiss without prejudice this action if Plaintiff fails to timely file a notice of substitution identifying Defendant Doe, unless Plaintiff seeks and is granted an extension of time.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts One and Two are **dismissed** without prejudice.

(2) Defendant Chopra is **dismissed** without prejudice.

(3) Plaintiff has **120 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of Defendant Jane Doe, *and* to file a "notice of substitution" for Defendant Doe.

(4) The Clerk of Court must issue one subpoena in blank and send it and one copy of the Marshal's Process Receipt & Return form (USM-285) to Plaintiff.

(5) Plaintiff shall complete the subpoena and USM-285 form and promptly return them to the Clerk of Court.

(6) Upon receipt of properly completed subpoena and USM-285 form, the Clerk

of Court must deliver the subpoena, the USM-285 form, and a copy of this Order, to the United States Marshal for service.

(7)  Within **20 days** of receiving the subpoena, USM-285 form, and a copy of this Order, the United States Marshal must personally serve the subpoena and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

(8)  Within **10 days** after personal service is effected, the United States Marshal must file the proof of service.

(9)  The Clerk of Court may enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a notice of substitution within 120 days for Defendant Doe, unless Plaintiff seeks and is granted an extension of time.

Dated this 20th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge